UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALLY WILSON,
on behalf of J.M.W.,

                                    Plaintiff,

                      v.                                                  5:13-CV-1081
                                                                            (FJS)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                                    Defendant.
_____

**APPEARANCES**                                                    **OF COUNSEL**

**OLINSKY LAW GROUP**                        **HOWARD D. OLINSKY, ESQ.**
300 South State Street
Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **VERNON NORWOOD, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Sally Wilson brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Supplemental Security Income ("SSI") on behalf of J.M.W., a minor. *See generally* Dkt. No. 1. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 12, 13.

**II. PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff applied for SSI on J.M.W.'s behalf on December 28, 2009, alleging J.M.W.'s disability as of September 3, 2006. *See* Administrative Record ("AR") at 120-23. The Commissioner denied Plaintiff's application on March 24, 2010. *See id.* at 72-76. Plaintiff timely filed a written request for a hearing, which was held before Administrative Law Judge David Shaw ("ALJ"). *See id.* at 42-29. Initially, the ALJ adjourned the hearing to a later date because Plaintiff expressed a desire to find a lawyer and further expressed her wish to keep the record open in anticipation of J.M.W.'s annual developmental report. *See* AR at 42-49. At the rescheduled hearing, attorney Justin Goldstein represented J.M.W. *See id.* at 24. J.M.W.'s mother, Sally Galloway, testified on her behalf. *See generally id.* at 25-39.

On September 12, 2011, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record . . . ."

1) J.M.W. "was born on September 3, 2006. Therefore, she was an older infant on November 17, 2009, the date application was filed, and is currently a preschooler."
2) J.M.W. "has not engaged in substantial gainful activity since November 17, 2009, the application date."

3) J.M.W. "has the following severe impairments: developmental delay, mild receptive language delay and moderate expressive language delay."
4) J.M.W. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
5) J.M.W. "does not have an impairment or combination of impairments that functionally equals the severity of the listings."
6) J.M.W. "has not been disabled, as defined in the Social Security Act, since November 17, 2009, the date the application was filed."

*See* AR at 54-67.

The ALJ's decision became the Commissioner's final decision on January 4, 2013, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 1-4, 8. Plaintiff then commenced this action on September 3, 2013, filing a supporting brief on February 20, 2014. *See* Dkt Nos. 1, 12. Defendant filed a response brief on April 7, 2014. *See* Dkt. No. 13.

In support of her motion, Plaintiff advances the following arguments. First, Plaintiff argues that the ALJ erred by not expressly discussing certain evidence in the record. Relatedly, Plaintiff argues that the ALJ improperly weighed the opinions of Plaintiff's physicians and teachers. Finally, Plaintiff argues that the ALJ improperly weighed Ms. Galloway's credibility. As a result, Plaintiff argues that there is not substantial evidence to support the ALJ's functional equivalence analysis. *See generally* Dkt. No. 12, Pl.'s Mem. of Law.

### III. DISCUSSION

**A. Standard of Review**

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "more than a mere scintilla" of evidence and "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). Accordingly, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation omitted).

The SSI program provides benefits to needy aged, blind, or disabled individuals who meet certain criteria. *See generally* 42 U.S.C. § 1381 *et seq*; *Colon v. Apfel*, 133 F. Supp. 2d 330, 336-42 (S.D.N.Y. 2001). The Social Security Administration has set forth a three-part test for determining whether an individual under the age of 18 is disabled. *See* 20 C.F.R. § 416.924(a). First, the claimant must not be engaging in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). Second, the claimant must suffer from a medically determinable severe impairment or a combination of impairments that is severe. *See* 20 C.F.R. § 416.924(c). Finally, the claimant must suffer from an impairment that meets or medically equals those listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("Listings"). See 20 C.F.R. § 416.924(d). A claimant may also satisfy the third step where the Commissioner finds that his or her impairment or impairments functionally equals one or more of those in the Listings. *See id.* Any such disability must also meet a duration requirement. *See id.*

**B. ALJ's weighing of opinion evidence**

An ALJ "will always consider the medical opinions" in the record together with other relevant evidence in determining whether a claimant is disabled. 20 C.F.R. § 416.927(b) (citation omitted). Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments" about a claimant's impairments and their effects. 20 C.F.R. § 416.927(a)(2). Acceptable medical sources include licensed physicians,

licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *See* 20 C.F.R. § 404.1513(a). Generally, the ALJ will consider the following factors in deciding what weight to afford the opinion of an acceptable medical source: whether the source examined the claimant; how well the source explains his or her opinion with relevant evidence; how consistent the opinion is with the record as a whole; whether the source is a specialist in the area of his or her opinion; and other factors tending to support or contradict the opinion. *See* 20 C.F.R. § 416.927(c)(1)-(6).

The Commissioner has also instructed that an ALJ may consider opinion evidence from "other sources," including teachers and early intervention team members, to provide insight into the severity of impairments and their limiting effects. *See* Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, *2 (Aug. 9, 2006). Such opinions are "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id.* at *3. The ALJ evaluates these opinions on the basis of the following factors:

> • How long the source has known and how frequently the source has seen the individual;
> • How consistent the opinion is with other evidence;
> • The degree to which the source presents relevant evidence to support an opinion;
> • How well the source explains the opinion;
> • Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
> • Any other factors that tend to support or refute the opinion.

*Id.* at *4-*5.


1. *Opinions relating to language impairment*

In this case, Plaintiff argues that the ALJ erred by not explicitly discussing the opinion and findings of Speech Pathologist Kristine Oddi. *See* Dkt. No. 12, Pl.'s Br., at

15-17. In response, the Commissioner argues that the ALJ "sufficiently, if somewhat indirectly, accounted for" Ms. Oddi's observations by adopting the opinions of State agency medical consultants R. Mohanty and J. Weir, whose report mentioned Ms. Oddi's findings. *See* Dkt. No. 13, Def.'s Br., at 13 (citing *Martin v. Astrue*, No. 5:05-CV-72, 2008 WL 4186339, *3-4, 11-12 (N.D.N.Y. Sept. 9, 2008)).

Defendant's authority on this point does not extend to the circumstances in this case. In *Martin*, this Court held that """[w]hen an ALJ's decision adopts the physical limitations suggested by reviewing doctors after examining the Plaintiff, the claimant's obesity is understood to have been factored into their decisions.""" *Martin v. Astrue*, No. 5:05-CV-72, 2008 WL 4186339, *3 (N.D.N.Y. Sept. 9, 2008) (quotation omitted). Even were the Court to extend this line of reasoning to an ALJ's weighing of opinion evidence, as opposed to "adopting" the opinions of the State agency medical consultants, it is unclear from this record whether the ALJ sufficiently considered Ms. Oddi's opinion.

Speech Pathologist Oddi conducted a consultative examination in March of 2010, when J.M.W. was three and a half years old. *See* AR at 405-09. She opined that J.M.W.'s overall delays were "*severe to extreme*" in connection with language skills that were "more than 50% delayed relative to chronological age." *See id.* at 409 (emphasis added). Ms. Oddi further opined that J.M.W. could not communicate with peers in an age-appropriate manner. *See id.* at 406. She observed that J.M.W. could comprehend some one-step directions, no two-step directions, no either/or statements, no conversation, and no simple "wh" questions. *See id.* at 407. She further observed that J.M.W. speaks "low, hard to hear her speak at a normal speaking tone. She whispers or yells. Cannot carry on conversations." *See id.* at 406.

In contrast, J. Weir's opinion noted only that Ms. Oddi observed J.M.W. "speaking very low and as not talking spontaneously. Described as whispering or yelling. It was reportedly 'hard for her to speak at a normal speaking tone.'" *See* AR at 401 (quoting AR at 406). Thus, even if the Court attributed J. Weir's evaluation of Ms. Oddi's observations to the ALJ's analysis, it is still unclear, based upon this record, whether the ALJ considered Ms. Oddi's complete opinion—which, if credited, arguably could result in a finding that J.M.W. is disabled when viewed together with the ALJ's other findings in this case. *See infra* Part III.D. Accordingly, the Court finds that the ALJ's silence regarding Speech Pathologist Oddi's opinion is reversible error requiring remand. *See* 20 C.F.R. § 416.927(b); *Pardee v. Astrue*, 631 F. Supp. 2d 200, 216 (N.D.N.Y. 2009) (instructing that "[w]here there is reasonable doubt as to whether the Commissioner applied the proper legal standards, [the] decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence" (citation omitted)).

Along the same lines, the Court is hesitant to affirm the ALJ's weighing of the other opinions related to J.M.W.'s language development because it is unclear whether consideration of Ms. Oddi's opinion would affect their relative weights in the ALJ's analysis. Accordingly, on remand, the Court directs the ALJ to expressly consider Ms. Oddi's observations and opinions pursuant to 20 C.F.R. § 416.927 before revisiting the opinions of Ms. Munski, R. Mohanty, J. Weir, and Ms. Diehl[1] in light of any new findings.

---

[1] Moreover, the ALJ would be well advised to explain further his reasoning with regard to the opinions of special education teacher Ms. Diehl, the professional source who arguably knows J.M.W. better than anyone aside from her mother from a longitudinal standpoint. The

### 2. *Opinion relating to motor impairment*

The ALJ also considered the opinion of Dr. Ganesh. *See* AR at 59. The ALJ noted that Dr. Ganesh is a pediatrician and that he conducted a consultative examination. *See id.* The ALJ further noted the range of Dr. Ganesh's observations and noted his opinion, concluding to afford it significant weight. *See* AR at 60. The Court finds that the ALJ appropriately weighed Dr. Ganesh's opinion. *See* 20 C.F.R. § 416.927(c)(1)-(6).

**C. ALJ's credibility determination**

"'It is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses . . . .'" *Cudworth v. Colvin*, 605 F. App'x 77, 78 (2d Cir. 2015) (quotation omitted). In particular, "'[a]s a fact-finder, an ALJ is free to accept or reject the testimony of a parent.'" *Phelps v.* Colvin, 20 F. Supp. 3d 392, 404 (W.D.N.Y. 2014) (quotation omitted). "However, a finding that any witness . . . is not credible must be set forth with specificity to allow for proper review of the record." *Id.* (citation omitted). In this case, the ALJ found the testimony of J.M.W.'s mother to be not entirely credible. *See* AR 59. The ALJ supported this finding by discussing the relevant testimony and contrasting it with objective medical evidence in the record. *See id.* at 58-59. Accordingly, the Court finds that substantial evidence supports the ALJ's credibility finding under these circumstances. See *Cudworth*, 605 F. App'x at 78; *Richardson*, 402 U.S. at 401.

---

conclusory statement that "her assessments appear overly optimistic given the balance of the record" is not sufficiently specific under SSR 06-03p. *See* 2006 WL 2329939, *4-*5.

**D. ALJ's functional equivalence analysis**

The third step of the disability analysis for children seeking SSI benefits entails the question of whether the claimant's impairment or combination of impairments functionally equals a listed impairment. *See generally* 20 C.F.R. § 416.926a. To meet the functional equivalence standard, the claimant's impairments or combination of impairments must be "marked" in two domains of functioning or "extreme" in one domain. *See* 20 C.F.R. § 416.926a(a). "Marked" limitation in this context means serious interference with the claimant's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(2)(i). For children aged 3 to 18 years,

> we will find that you have a "marked" limitation when you have a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and your day-to-day functioning in domain-related activities is consistent with that score. . . .

20 C.F.R. § 416.926a(e)(2)(iii). "Extreme" limitation is similarly delineated to correspond to test scores in excess of three standard deviations from the mean on comprehensive standardized tests. *See* 20 C.F.R. § 416.926a(e)(3). However, "we will not rely on any test score alone. No single piece of information taken in isolation can establish whether you have a 'marked' or an 'extreme' limitation in [any given] domain." 20 C.F.R. § 416.926a(e)(4)(i). "[W]e examine all the information we have in your case record about how your functioning is limited because of your impairment(s), and we compare your functioning to the typical functioning of children your age who do not have impairments." 20 C.F.R. § 416.926a(f). The six domains of functioning are 1) "[a]cquiring and using information;" 2) "[a]ttending and completing tasks;" 3) "[i]nteracting and relating with others;" 4) "[m]oving about and manipulating objects;" 5)

"[c]aring for yourself;" and 6) "[h]ealth and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

In this case, the ALJ found that J.W.M. had a marked limitation in acquiring and using information, but less-than-marked or no limitation with respect to the other domains. *See* AR at 54-67. In support of her motion, Plaintiff argues that J.W.M. is at least markedly limited with respect to interacting and relating with others and moving about and manipulating objects. *See* Dkt. No. 12, Pl.'s Br., at 23-26. Accordingly, the Court focuses its review on those domains.

The third domain, interacting and relating with others, considers "how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). This domain considers "the speech and language skills children need to speak intelligibly and to understand and use the language of their community." SSR 09-5P, 2009 WL 396026, *2 (Feb. 17, 2009). Generally, the regulations provide that children aged one to three years should begin to initiate and maintain interactions with adults but also show interest in and eventually interact with children their own age. *See* 20 C.F.R. § 416.926a(i)(2)(ii). They should also be able to spontaneously communicate their wishes or needs, first with gestures and then by speaking words "clearly enough that people who know you can understand what you say most of the time." *Id.* Children aged three to six years should be able to socialize with children as well as adults, begin to prefer playmates their own age, use words instead of actions to express themselves, and play cooperatively with other children. *See* 20 C.F.R. § 416.926a(i)(2)(iii). Examples of limited function, which do not necessarily describe a marked or extreme limitation, include avoiding or withdrawing from

familiar people, difficulty playing games with rules, difficulty communicating with others, and difficulty speaking intelligibly. *See* 20 C.F.R. § 416.926a(i)(3)(i)-(v).

In this domain, the ALJ found that J.M.W. had a less than marked limitation. *See* AR at 64. In support of this finding, the ALJ noted Ms. Galloway's testimony that J.M.W. gets along well with other children. *See id.* The ALJ further noted evidence tending to show that J.M.W. had difficulty speaking intelligibly compared with other children her age. *See id.* However, the ALJ also discussed the findings of Speech Pathologist Munski, in particular that J.M.W.'s intelligibility was approximately 80%, that her mother could understand her 90% of the time, and that her articulation was in the 56th percentile for females in her age group. *See id.*

As noted above, it is unclear on this record whether the ALJ considered Speech Pathologist Oddi's opinion at all, let alone with respect to this particular functional domain. *See supra* Part III.B.1. Because considering this opinion could change the outcome with respect to this domain, the Court declines to affirm the ALJ's finding with respect to the domain of interacting with and related to others. *See Pardee*, 631 F. Supp. 2d at 216; *see also Windus v. Barnhart*, 345 F. Supp. 2d 928, 945 (E.D. Wis. 2004) (finding reversible error where the ALJ failed to address evidence which, if accepted, would lead to a finding of disability).

The fourth domain, moving about and manipulating objects, considers "how you move your body from one place to another and how you move and manipulate things." 20 C.F.R. § 416.926a(j). In general, the regulations provide that children aged one to three years should be able to walk and run without assistance and frequently use your hands to do or get something that they want or need, such as scribbling with crayons and feeding themselves. *See* 20 C.F.R. § 416.926a(j)(2)(ii). Children aged three to six years should be able to run and walk with ease, climb stairs and playground equipment with little supervision, and complete more detailed motor

tasks such as completing puzzles and building with an assortment of blocks. *See* 20 C.F.R. § 416.926a(j)(2)(iii). Examples of limited function, which do not necessarily describe a marked or extreme limitation, include muscle weakness and joint stiffness, trouble climbing up and down stairs or trouble with balance, difficulty with coordinating body movements, and poor hand-eye coordination. *See* 20 C.F.R. § 416.926a(j)(3)(i)-(vi).

In this domain, the ALJ found that J.M.W. had less than marked limitation. *See* AR at 65. The ALJ supported this finding by considering progress notes showing that J.M.W. could feed herself with a fork and spoon as of June, 2009, but also noted evidence of her inability to jump, stand on one foot, or pedal a tricycle. *See id.* However, the ALJ also noted Dr. Ganesh's consultative examination in which he observed J.M.W.'s normal gait for her age and age-appropriate fine motor activity in the hands. *See id.* Dr. Ganesh's examination notes additionally noted that "[s]trength of both hands age appropriate" and "[p]hysical development is normal" although "[a]ctivity is moderately delayed." *See id.* at 397. The Court finds that there was substantial evidence in the record to support the ALJ's findings in this domain.

In summary, the Court remands to the ALJ for reconsideration of the functional domain of interacting with and relating to others, along with all opinions in the record pertaining to that domain.

### IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 12, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 13, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the ALJ for further proceedings consistent with this Memorandum-Decision and Order pursuant to sentence four of the Act; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: April 18, 2016
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge